UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE CABANZO,

    Plaintiff,

v.                        Case No. 8:19-cv-122-T-33AEP

THE NEIMAN MARCUS GROUP, LLC,

    Defendant.
_____/

**ORDER**

On July 8, 2017, Joyce Cabanzo, who was 80-years old at the time, fell from a tailor's platform, striking her head, neck, and shoulder, while being measured for clothing alternations at a Neiman Marcus store. (Doc. # 1-1 at ¶¶ 4-23). Cabanzo retained counsel and, in May and November of 2018, sent demand letters seeking damages between $75,000 and $100,000. (Doc. # 1 at 5-7). Cabanzo filed a negligence action against Neiman Marcus in state court on December 14, 2018, and served Neiman Marcus on December 28, 2018. (Id. at 1). Neiman Marcus timely removed the case to this Court on January 17, 2019, asserting that the requirements for diversity jurisdiction have been satisfied. (Id.). As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

## I. Legal Standard

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

## II. Discussion

In the Notice of Removal, Neiman Marcus predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in

controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Neiman Marcus has made an adequate showing concerning complete diversity of citizenship between the parties. Neiman Marcus specifies that Cabanzo is a citizen of Florida and Neiman Marcus is a citizen of Delaware and Texas. (Doc. # 1 at ¶¶ 7-8). The basis of the Court's remand is that the amount in controversy has not been met.

In her Complaint, Cabanzo maintains that she "makes a claim for compensatory damages in an amount in excess of $15,000 dollars." (Doc. # 1-1 at ¶ 3). She asserts that as a result of Neiman Marcus's alleged negligence, she suffered bodily injuries and "damage, to wit: pain, suffering, disability, mental anguish and the loss of the ability to enjoy life, in the past and in the future." (Id. at ¶ 22). She also claims that she "required medical treatment in the past and in the opinion of her treating physicians, she will require medical treatment in the future." (Id. at ¶ 23).

The Court recognizes that Cabanzo generally claims to have suffered as a result of her fall in the Neiman Marcus store. However, the Court has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been

3

met. And, Cabanzo has described these categories of damages in such a vague and inexact manner that the Court would indeed be required to engage in rank speculation to ascribe any monetary value to these damages.

For instance, Cabanzo seeks redress for a "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip-and-fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses, and permanent injury).

Overall, the record is devoid of evidence to suggest that Cabanzo's damages from this accident exceed the $75,000 amount in controversy threshold. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record

showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question).

In an attempt to bolster its deficient jurisdictional showing, Neiman Marcus points to two highly redacted demand letters. In the first demand letter, counsel for Cabanzo states: "I can tell you that at this time, our demand may be somewhere in the $75,000 - $150,000 range from what I can estimate now." (Doc. # 1 at 5). The second demand letter states that due to recent medical evaluations, the demand for between $75,000 - $150,000 was too low, and suggests that the initial demand letter should be disregarded. (Id. at 6).

A number of federal courts, including the present Court, have held that settlement offers stated in demand letters do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)("A settlement offer is relevant but not determinative of the amount in controversy.").

Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they

5

provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); Piazza, 2010 WL 2889218, at *1 ("[A] settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

Cabanzo's demand letters, as presented to the Court, reveal nothing about Cabanzo's actual injuries or the cost of her medical care. The demand letters do not provide a reasonable assessment of the value of her claim and do not justify the removal of this negligence action. In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). Neiman Marcus falls well short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **REMANDED** to state court. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE